O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH RICHARD BARBER, Jr., | Case No. CV 08-6273-DMG (MLG) |
| Plaintiff, | ORDER DENYING MOTION TO FILE THIRD AMENDED COMPLAINT |
| v. | |
| SANTA MARIA POLICE DEPARTMENT, et al., | |
| Defendants. | |

I. **Factual and Procedural Background**

On November 18, 2008, Plaintiff Kenneth Richard Barber, Jr., who is currently incarcerated in the California prison system, filed a second amended *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.[1] In his second amended complaint ("SAC"), Plaintiff named Santa Maria Police Officer Joe Lopez; Santa Barbara County Corrections Officers Barroca, Duarte and Masters; Danny R. Macagni, Santa Maria Chief of Police; Laurence Lavagnino, Mayor of Santa

---

[1] Plaintiff filed the original complaint in this action on October 3, 2008, which the Court dismissed with leave to amend on October 10, 2008. Plaintiff filed his first amended complaint on October 23, 2008, which the Court dismissed with leave to amend on October 29, 2008.

Maria, California; and an unknown Santa Maria Police Officer as Defendants.

The SAC alleged various constitutional violations based on two separate incidents.  First, Plaintiff claimed that a few weeks prior to June 25, 2007, he was detained while walking on the street and subjected to an unconstitutional investigatory stop and field test to determine if he was under the influence of drugs by Officer Lopez and the unknown Santa Maria police officer, who has since been identified as Officer Ricardo Arias.[2]  (SAC at 6.)  Plaintiff contends that the investigatory stop violated his Fourth Amendment right against unlawful seizure.

Second, Plaintiff alleged that, in the early morning hours of June 25, 2007, while driving with his girlfriend, Tamara Bonnes, he was pulled over by Officer Lopez either because Officer Lopez recognized him from the investigatory stop a few weeks prior or because Plaintiff had an expired license plate. (Id.)  He was then arrested by Officer Lopez on an outstanding warrant on an unrelated matter. (Id.)  Plaintiff contended that the vehicular stop and arrest violated his Fourth Amendment right against unlawful search and seizure.

Plaintiff further alleged that, once he arrived at the Santa Maria Police Station for booking after being arrested, he was interrogated by Officer Lopez in violation of his *Miranda* rights.[3] (Id.)  Plaintiff contended that Officer Lopez violated his *Miranda*

---

[2] Plaintiff was allowed to amend the second amended complaint to substitute Officer Arias in place of a John Doe defendant.

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

1  rights by continuing to question him about alleged stolen computers
2  found in Plaintiff's car, even after Plaintiff asserted his right to
3  remain silent. (SAC at 7.)  Officer Lopez then allegedly coerced
4  Plaintiff into confessing to possession of the stolen computer
5  equipment and other contraband by threatening to detain Plaintiff's
6  girlfriend at the police station so that she would miss a child
7  custody hearing the following day. (Id.)  Plaintiff contended that
8  his Fifth Amendment right against self-incrimination and his Sixth
9  Amendment right to counsel were violated by this interrogation.
10      Plaintiff further claimed that, once he confessed, he was
11 transported to the Santa Barbara County Sheriff's Station, where he
12 was subjected to an unconstitutional strip search by Lopez and Santa
13 Barbara County Corrections Officers Duarte, Barroca, and Masters.
14 (Id.)  Plaintiff states that he was ordered to strip down to his
15 boxer shorts at the booking window. (Id.)  Officer Duarte then
16 allegedly "sexually assaulted" Plaintiff by grabbing his genitals
17 while searching for contraband. (Id.)  After feeling an object sewn
18 into Plaintiff's boxer shorts, Officer Duarte cut a hole in the boxer
19 shorts and found four "baggies" containing a powdered substance. (SAC
20 at 8.)
21      Plaintiff was then taken to a secured cell where he was ordered
22 to take off his boxer shorts to determine if he had any other
23 contraband. (Id.)  After Plaintiff was ordered to "squat and cough,"
24 another "baggy" fell onto the floor. (Id.)  When Plaintiff attempted
25 to stuff this bag down into a drainage pipe in the floor, Officers
26 Duarte and Barroca held Plaintiff down on his stomach, while Officer
27 Lopez kneed Plaintiff in the face and "started grinding [Plaintiff's]
28 face into the cement." (Id.)  Plaintiff contended that his Fourth

Amendment right against illegal search and seizure as well as his Eighth Amendment right against cruel and unusual punishment were violated by this strip-search.

On December 30, 2008, Defendants filed a motion to dismiss the second amended complaint in its entirety. On February 9, 2009, I issued a Report which recommended that:

1. Plaintiff's Fourteenth Amendment claims against Defendants Macagni and Lavagnino for failure to adequately respond to Plaintiff's citizen complaint be **DISMISSED WITH PREJUDICE**.

2. Defendants' motion to dismiss Plaintiff's Fourth Amendment claim against Defendant Macagni for failure to train and/or supervise be **DENIED**.

3. Defendants' motion to dismiss Plaintiff's Fourth and Fourteenth Amendment claims against Defendants Lopez and an Unknown Santa Maria Police Officer (Arias) related to the investigatory stop be **DENIED**.

4. Defendants' motion to dismiss Plaintiff's Fourth and Fourteenth Amendment claims against Defendant Lopez for the vehicular stop on June 25, 2007 be **DENIED**.

5. Plaintiff's Fourth and Fourteenth Amendment claims against Defendant Lopez related to Plaintiff's arrest on June 25, 2007 be **DISMISSED WITH PREJUDICE**.

6. Plaintiff's Eighth Amendment claim against Defendants Lopez, Duarte, Barroca and Masters be **DISMISSED WITH PREJUDICE**.

7. Plaintiff's Fourth and Fourteenth Amendment claims against Defendant Masters be **DISMISSED WITH PREJUDICE**.

      8. Plaintiff's Fifth and Sixth Amendment claims against Defendant Lopez regarding the coerced confession and denial of right to counsel be **DISMISSED WITH PREJUDICE**.

      9. Defendants' motion to dismiss the Fourth Amendment claims against Defendants Lopez, Duarte and Barroca for use of excessive force be **DENIED**.

The Report and Recommendation was adopted in its entirety in an order entered by District Judge Dean D. Pregerson on August 17, 2009.

Discovery proceeded pursuant to a scheduling order filed on August 18, 2009. The time for completing discovery expired on March 30, 2010.

On May 3, 2010, Plaintiff filed this motion to amend the complaint. In his proposed third amended complaint ("PTAC"), Plaintiff names five Defendants, Santa Maria Officers Lopez and Arias; and Santa Barbara County Sheriff's Deputies Duarte, Barraca, and Masters. As well as restating the causes of action found viable in the SAC, the PTAC seeks to reallege the previously dismissed Fifth Amendment "coerced confession" claim against Officers Lopez and Arias (PTAC, Claim 2); and seeks to include Defendant Masters in the Fourth Amendment unreasonable jailhouse search cause of action for her failure to intervene during the strip search which led to the discovery of controlled substances. (PTAC, Claim 3.) Plaintiff also seeks to verify the second amended complaint, "correct a few mistakes" he made in the SAC, and voluntarily dismiss Defendant Macagni from the action.[4] Finally, Plaintiff, for the first time,

---

[4] Defendants state that Plaintiff has also agreed to dismiss Defendant Lavagnino from the action. It does not appear to the Court that Lavagnino is still a party to the action. The parties should

seeks to allege a new basis for damages, i.e., that the scuffle at the jail resulted in injuries to his cervical spine and back which have only recently been verified by objective medical x-ray evidence.

Defendants have filed an opposition to the motion to amend.[5] They contend that the PTAC is unduly delayed, seeks to reallege previously dismissed Defendants and claims, would be prejudicial in that it would require reopening discovery, and is futile. The matter is ready for decision.

**II. Standard of Review**

Under Federal Rule of Civil Procedure 15(a), leave to amend should be "freely given" when justice so requires. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Pub. Util. Dist. No. 1 v. IDACORP, Inc.*, 379 F.3d 641, 652 (9th Cir. 2004); *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 765 (9th Cir. 1986). This policy is liberally applied. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Whether leave to amend should be granted is generally determined by considering the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Foman*, 371 U.S. at 182; *United States v. Pend Oreille Pub. Util. Dist. No. 1*, 926 F.2d 1502, 1511 (9th Cir. 1991)(citing *Hurn v. Retirement Fund Trust*, 648 F.2d 1252, 1254 (9th Cir. 1981)). When these factors weigh against amendment, the Court

---

clarify his status.

[5] Defendants agree to permit Plaintiff to verify the second amended complaint in exchange for his promise to dismiss Macagni and Lavagnino as Defendants. Plaintiff shall inform the Court of his intentions on this proposal no later than June 11, 2010.

need not grant leave to amend.

### A.   Undue Delay and Bad Faith

The Court initially finds that the motion for leave to file a third amended complaint has been made with undue delay and in bad faith. To the extent that Plaintiff seeks to allege a new basis for damages, it must be assumed that Plaintiff was aware of the claimed neck and back injuries since the time of the incident in 2007. However, not until March 2010, after he claims that he obtained x-rays demonstrating some sort of spinal impairment, has he sought to link that impairment to the current cause of action. If Plaintiff was injured in the scuffle during his attempt to rid himself of the controlled substances after his arrest, those injuries could and should have been raised in the initial or second amended complaint. Plaintiff was not precluded from alleging these injuries due to the lack of medical records. While delay is clearly not dispositive of the issue, this factor weights against Plaintiff.

In addition, the Court finds that the filing of the motion to amend is made in bad faith. With respect the coerced confession claim and the inclusion of Officer Masters as a Defendant, Plaintiff has alleged the same facts previously found wanting. Notwithstanding Plaintiff's pro se status, the Court finds that the repeated allegation of dismissed causes of action and the inclusion of a defendant who has previously been dismissed, in the absence of new facts, must be characterized as a bad faith filing.[6]

---

[6] The Court also notes that this action has been pending for 18 months, extensive discovery has been conducted, the date for completing discovery has passed, and the dispositive motion cutoff date is June 11, 2010. Amendment of the complaint at this time would clearly be prejudicial to Defendants.

**B. Amendment Would be Futile**

Leave to amend may be denied if the proposed amendment "constitute[s] an exercise in futility." *See DCD Programs, Inc. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987). It has been held that a proposed amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988); *Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Serv. Bureau*, 701 F.2d 1276, 1292 (9th Cir.), *cert. denied*, 464 U.S. 822 (1983). However, in light of the recent Supreme Court decisions in *Iqbal v. Ashcroft,* 129 S.Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), it might more appropriately be said that an amendment is futile when the proposed amended complaint fails to allege "enough facts to state a claim to relief that is plausible on its face". *Twombly,* 550 U.S. at 570. A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Under either standard, however, the proposed amendments in the PTAC amended complaint are futile.

The Court exhaustively discussed the reasons why Plaintiff's coerced confession claim failed to state a cause of action in the February 9, 2009, Report and Recommendation. That analysis is incorporated and adopted here. Suffice it to say, the Supreme Court has specifically held, in the context of a section 1983 action, that the coercive questioning of a suspect did not violate the Fifth Amendment's self-incrimination clause where the suspect's compelled statements were not used in a criminal case against him. *Chavez v.*

*Martinez*, 538 U.S. 760, 769 (2003). Plaintiff has failed to allege a viable Fifth Amendment claim.

To the extent that Plaintiff seeks to reinstate Officer Masters as a Defendant in this action, the Court again adopts its reasoning in the Report and Recommendation. There it was stated:

> Plaintiff's sole allegation implicating Officer Masters is that she was present when Officers Lopez, Duarte and Barroca allegedly unlawfully strip-searched Plaintiff at the Santa Barbara County Sheriff's station. Simply being present during Plaintiff's booking and search cannot serve as the basis for a constitutional violation. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) ("A person 'subjects' another to a deprivation of a constitutional right ... if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint was made."); *see also Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (holding that state official must play a "personal role" in the alleged constitutional deprivation to be liable). Again, absent allegations of any affirmative action by Officer Masters, Plaintiff has failed to state a claim against her.

The proposed inclusion of Officer Masters in the PTAC suffers from the same deficiency as the second amended complaint.
//

Moreover, to the extent that Plaintiff alleges a cause of action based upon Masters's presence during the strip search, he has failed

9

1  to state a claim upon which relief may be granted. As Masters was not
2  involved in the search or scuffle, there is no basis for a Fourth
3  Amendment cause of action against her. To the extent that Plaintiff
4  might allege that he suffered some sort of denial of equal
5  protection, the Ninth Circuit has found that " § 1983 claims based
6  on Equal Protection violations must plead intentional unlawful
7  discrimination or allege facts that are at least susceptible of an
8  inference of discriminatory intent." *Byrd v. Maricopa County*
9  *Sheriff's Dept.*, 565 F.3d 1205, 1212 (9th Cir. 2009)(affirming
10 dismissal of equal protection claim involving strip search of
11 prisoner by female guard.)(quoting *Monteiro v. Tempe Union High Sch.*
12 *Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998)), *See also Michenfelder*
13 *v. Sumner*, 860 F.2d 328, 333-34 (9th Cir. 1988)(right of privacy not
14 violated by female guard's presence during strip search of male
15 prisoner.)
16     Here, the facts contained in the second and third amended
17 complaint demonstrates the existence of an emergency situation caused
18 by Plaintiff's failure to follow legitimate orders upon being booked
19 into a jail and his attempt to destroy evidence of criminal conduct.
20 The mere presence of a female corrections officer outside of the
21 cell, who did not participate in the strip search, does not give rise
22 to a Constitutional claim. Amendment would be futile.
23 //
24 //
25 //
26 //
27 //
28 //

**III. Conclusion**

The Court finds that the motion for leave to file a third amended complaint was unduly delayed, submitted in bad faith, and if granted, would be futile. Therefore, Plaintiff's motion for leave to file a third amended complaint is **DENIED**.

Dated: May 27, 2010

_____
Marc L. Goldman
United States Magistrate Judge