

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH RICHARD BARBER,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>SANTA MARIA POLICE DEPT., et al.,<br><br>　　　　　　　Defendants. | Case No. CV 08-06273 DMG (MLG)<br><br>**ORDER ADOPTING IN PART FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

　　　　This matter is before the Court on the parties' cross-motions for summary judgment [Doc. # 136, 131]. The Magistrate Judge issued a Report and Recommendation ("R&R") on September 1, 2010, recommending that the Court deny Plaintiff's motion and grant Defendants' motion except with respect to Plaintiff's Fourth Amendment claim related to the May 19, 2007 investigatory stop. On the same day, Defendants filed a Partial Objection to the R&R. Plaintiff filed Objections to the R&R on September 17, 2010. On September 30, 2010, Defendants filed a Reply to Plaintiff's Objections.

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings, all the records and files herein, the R&R, and the parties' objections. For the reasons discussed below, the Court concurs with and adopts the findings, conclusions, and recommendations of the Magistrate Judge except as discussed below.

-1-

I.

**<u>PLAINTIFF'S OBJECTIONS</u>**

With respect to the May 19, 2007 incident, the Magistrate Judge found that, based upon Plaintiff's own statements, the initial contact between Plaintiff and Defendants Lopez and Arias—*i.e.*, the investigatory stop—"appears to have been consensual" and did not give rise to a Fourth Amendment violation. (R&R at 9.) Plaintiff disputes the characterization of this encounter as "consensual," arguing that the Magistrate Judge failed to consider evidence that the officers had acted aggressively towards him and that he did not feel free to leave. (Pl.'s Objections at 2-3.) Yet, this more pugnacious account of Defendants' behavior, drawn from selected statements that Plaintiff made in his deposition and interview, is at odds with Plaintiff's own statements elsewhere.[1] The contradictory testimony of a plaintiff alone cannot be used by him to defeat a defendant's summary judgment motion "where the only issue of fact results from the necessity of choosing between the plaintiff's two conflicting versions." *Radobenko v. Automated Equip. Corp.*, 520 F.2d 540, 544 (9th Cir. 1975).

As to the pat-down and search of Plaintiff after he went to speak with Defendants Lopez and Arias, the Magistrate Judge concluded that a genuine issue of fact precludes granting summary judgment. While the Court does not disagree with this conclusion insofar as it pertains to Defendants' motion, the Court respectfully parts ways with the Magistrate Judge regarding Plaintiff's motion.

A court presented with cross-motions for summary judgment should review each motion separately, giving the nonmoving party for each motion the benefit of all

---

[1] For instance, Plaintiff testified that Defendants Lopez and Arias "pulled their police car in the parking lot and told us to come in the parking lot, because we were on the walkway going directly straight." (Pl.'s Depo. at 145:19-21.) Plaintiff was not scared at that time. (Barber Interview at 14:7-10; *see also id.* at 14:3-4 ("I knew he couldn't arrest me for nothing so I was just nonchalant about the whole thing . . . .").) Plaintiff did not feel under arrest and, in fact, "started singing [Defendant Lopez] the song ["Bad Moon Rising" by Creedence Clearwater Revival] just to aggravate him." (*Id.* at 13:20-23.) Thus, Defendant Lopez's allegedly hostile affect did not intimidate Plaintiff, who complied with police commands voluntarily.

reasonable inferences from the record. *Center for Bio-Ethical Reform, Inc. v. Los Angeles County Sheriff Dep't*, 533 F.3d 780, 786 (9th Cir. 2008), *cert. denied*, 129 S.Ct. 903, 173 L.Ed.2d 108 (2009). The Magistrate Judge identified the critical Fourth Amendment issue: "whether the pat-down and search of Plaintiff took place before or after he informed the officers he was on parole." (R&R at 10.) Once Plaintiff informed the officers of his parole status, he had no reasonable expectation of privacy that would have precluded them from conducting even a suspicionless search. *Samson v. California*, 547 U.S. 843, 856-57 & n.5, 126 S.Ct. 2193, 165 L.Ed.2d 250 (2006).

Plaintiff consistently states that Defendants Lopez and Arias began the pat-down and search *before* he informed them that he was a parolee. (*See* Pl.'s Depo. at 137:24-138:4, 139:8-13; Pl.'s Decl. ¶ 9; Pl.'s Statement of Material Facts ¶ 13.) Defendants skirt the issue but do not dispute this version of events. (*See* Defs.' Separate Statement of Undisputed[2] Facts & Conclusions of Law in Opp'n to Pl.'s Mot. for Summ. J. ¶ 13; *see also* R&R at 11 ("Defendants have not addressed the issue of whether Plaintiff was searched and if so, when that search occurred.").) "Under California precedent . . . , an officer would not act reasonably in conducting a suspicionless search absent knowledge that the person stopped for the search is a parolee." *Samson*, 547 U.S. at 856 n.5. Consequently, Plaintiff is entitled to summary judgment on this claim unless Defendants provide evidence to counter Plaintiff's assertion that "[t]he search was unreasonable without warrant or cause" (Pl.'s Statement of Material Facts ¶ 11), thereby raising a triable issue of material fact.[3]

---

[2] Defendants presumably mean "Disputed." *See* C.D. Cal. L.R. 56-2 ("Any party who opposes the [summary judgment] motion shall serve and file with the opposing papers a separate document containing a concise 'Statement of Genuine Disputes' setting forth all material facts as to which it is contended there exists a genuine dispute necessary to be litigated.").

[3] After the Magistrate Judge issued the R&R, Federal Rule of Civil Procedure 56 was substantially revised. The current version provides as follows:
> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
> (1)   give an opportunity to properly support or address the fact;

Defendants, however, offer no such evidence. Indeed, Defendants Lopez and Arias have little or no memory of what precipitated the pat-down and search on May 19, 2007 and provide no factual detail whatsoever in opposition to Plaintiff's motion in that regard. (Lopez Decl. ¶ 3, Arias Decl. ¶ 3.) As the Magistrate Judge accurately characterized the record, "there is nothing . . . which would support a finding of probable cause for the search of Plaintiff's pockets or for a *Terry*[4] type patdown [sic]." (R&R at 10-11.) Defendants do not dispute this characterization. Instead, they offer two other arguments in support of their position.

## II.

## DEFENDANTS' OBJECTIONS

First, Defendants contend that Plaintiff had a "legal obligation to immediately disclose his parole status during [his] detention." (Defs.' Partial Objection at 3.) Defendants' only authority for this proposition is Plaintiff's personal belief that it is true. (*Id.* at 2; *see also* Pl.'s Depo. at 133:4-8.) To the contrary, Defendants' contention flatly conflicts with California cases requiring an officer to have actual knowledge of a parolee's status before a suspicionless search becomes reasonable. *See, e.g., In re Jaime P.*, 40 Cal. 4th 128, 133, 51 Cal. Rptr. 3d 430 (2006) ("[W]hether a search is reasonable must be determined based upon the circumstances *known to the officer when the search is conducted*." (quoting *People v. Sanders*, 31 Cal. 4th 318, 332, 2 Cal. Rptr. 3d 630 (2003); emphasis in *Jaime P.*)). Thus, even if Plaintiff had an obligation to disclose his parole status—which he did after approximately one minute—such an obligation would not affect the reasonableness of the search under the Fourth Amendment prior to the disclosure. *See Moreno v. Baca*, 431 F.3d 633, 642 (9th Cir. 2005).

---

(2) consider the fact undisputed for purposes of the motion;
(3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
(4) issue any other appropriate order.
Fed. R. Civ. P. 56(e).

[4] *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

Defendants also assert, without authority, that even if their search was unjustified prior to Plaintiff's disclosure about his parole status, "a one minute delay . . . can hardly give rise to a cognizable Fourth Amendment claim." (Defs.' Partial Objection at 3.) In *Terry*, the Supreme Court considered and "emphatically reject[ed]" the argument that a pat-down search was a *de minimis* intrusion into an individual's Fourth Amendment rights:

> It must be recognized that whenever a police officer accosts an individual and restrains his freedom to walk away, he has "seized" that person. And it is nothing less than sheer torture of the English language to suggest that a careful exploration of the outer surfaces of a person's clothing all over his or her body in an attempt to find weapons is not a "search." Moreover, it is simply fantastic to urge that such a procedure performed in public by a policeman while the citizen stands helpless, perhaps facing a wall with his hands raised, is a "petty indignity." It is a serious intrusion upon the sanctity of the person, which may inflict great indignity and arouse strong resentment, and it is not to be undertaken lightly.

392 U.S. at 16-17 (footnotes omitted).

In sum, Defendants have failed to raise a triable issue of material fact that would preclude summary judgment for Plaintiff on his claim that the pat-down and search violated his Fourth Amendment rights. Because the parties do not address remedies in their moving papers, the Court requires supplemental briefing on their respective motions for summary judgment to determine whether a trial will be necessary on this issue. It is unclear from the present record whether Plaintiff is entitled to any relief other than nominal damages.[5]

---

[5] As the Magistrate Judge pointed out, "the measure of damages to Plaintiff is questionable as he acknowledges that he informed Officers Lopez and Arias within approximately one minute of the encounter that he was on parole, which gave rise to an obligation to submit to all search and seizures." (R&R at 11 n.5.)

## III.
## DAMAGES

Plaintiff indicates that he is seeking professional sanctions against Defendants Lopez and Arias, including Defendant Lopez's termination, as well as criminal prosecution of Defendant Lopez. (2nd Am. Compl. at 8, 17.) None of these are available remedies because, among other reasons, the Court cannot order the Santa Maria Police Department, a non-party, to sanction its employees or the district attorney, another non-party, to file criminal charges. In addition, Plaintiff is not entitled to attorney's fees as a *pro se* litigant. *See Blanchard v. Morton Sch. Dist.*, 509 F.3d 934, 938 (9th Cir. 2007) (citing *Kay v. Ehrler*, 499 U.S. 432, 438, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991)); *see also Musaelian v. Adams*, 45 Cal. 4th 512, 517, 87 Cal. Rptr. 3d 475 (2009) ("The ordinary and usual meaning of 'attorney's fees,' in both legal and general usage, is the consideration a litigant actually pays or becomes liable to pay in exchange for legal representation. An attorney litigating in propria persona pays no such compensation.").

Plaintiff also demands $5,000 in compensatory damages and $2.25 million in punitive damages—$2 million from Defendant Lopez and $250,000 from Defendant Arias. (2nd Am. Compl. at 8, 17.) The current record provides no basis for such an award of damages. In their supplemental briefs, the parties should address compensatory and punitive damages.

## IV.
## CONCLUSION

In light of the foregoing:
1. The Court concurs with and adopts the findings, conclusions, and recommendations of the Magistrate Judge except as discussed above;
2. Defendants' motion for summary judgment is DENIED as to Plaintiff's Fourth Amendment claim related to the May 19, 2007 pat-down and search and GRANTED in all other respects;

3. Plaintiff's motion for summary judgment is GRANTED as to Defendants Lopez and Arias' liability on Plaintiff's Fourth Amendment claim related to the May 19, 2007 pat-down and search and DENIED in all other respects; and

4. This matter is referred to the Magistrate Judge to establish a schedule for the supplemental briefing and for a supplemental report and recommendation on the issue of damages.

**IT IS SO ORDERED.**

DATED: January 3, 2011

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE